**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CATSKILL ASSOCIATES, L.L.C.,

                                 Plaintiff,

        - v -                                        Civ. No. 1:08-CV-598
                                                         (LEK/RFT)

RITA K. BENZA, Individually and as
Executrix of the Estate of Augustine J. Benza,

                                 Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

        Presently before this Court is Plaintiff's Motion to Compel Disclosure and/or

Sanction, pursuant to Federal Rule of Civil Procedure 37(c).  Dkt. No. 29, Pl.'s Mot.

to Compel, dated Oct. 5, 2009.  On October 19, 2009, the Defendant filed an Affidavit

in Opposition to Plaintiff's Motion.  Dkt. No. 31, Kenneth P. Whiting, III, Esq., Aff.,

dated Oct. 19, 2009.

        Citing a history of failures to timely comply with discovery demands, the

Plaintiff claims that responses to its Demand to Produce remain outstanding.  Dkt. No.

29.  Rather than address the lack of response to Plaintiff's Demands, the Defendant

expounds upon the merits of this action and a prospective real estate transaction of the

real property in issue in this case.  Dkt. No. 31.  The Court will discuss these

competing contentions and the case time-line below.

        This action was commenced on June 6, 2008.  Dkt. No. 1, Compl.  Succinctly,

this is a diversity action alleging that Defendant breached an executory real estate contract because of undisclosed encroachment and encumbrance. *Id*. On August 22, 2008, an Answer with Counterclaims was filed. Dkt. No. 8, Def.'s Answer. Those Counterclaims were immediately confronted by a Motion to Dismiss, Dkt. No. 13, which was decided by a Memorandum-Decision and Order, dated May 7, 2009, Dkt. No. 21. Defendant's counterclaims for breach of contract and punitive damages were dismissed with prejudice, and Defendant's counterclaim for tortious interference with a prospective contractual relationship was dismissed without prejudice; Defendant was granted permission to file an amended answer. *Id*. at p. 11. The Defendant amended the Answer and asserted Counterclaims sounding in a breach of contract and tortious interference with the prospective business relationship, Dkt. No. 23, which Counterclaims are challenged by yet another Motion to Dismiss, Dkt. No. 24. That Motion to Dismiss, which was filed on June 11, 2009, remains pending.

While the first Motion to Dismiss was pending, the Court held a Rule 16 Conference on October 13, 2008. Because the Complaint was not being disputed by a dispositive motion at that time, the Court issued the Uniform Pretrial Scheduling Order setting, *inter alia*, the discovery deadline as August 31, 2009. Dkt. No. 14. It was also the Court's Ruling that any discovery regarding the Defendant's Counterclaims should be stayed pending a disposition of the first Motion to Dismiss.

*-2-*

The intent was to complete discovery as to Plaintiff's causes of action as soon as practical and subsequently address discovery of Defendant's Counterclaims, if they survive the Motion to Dismiss.  However, that particular Ruling may have lacked clarity so, on January 14, 2009, the Court issued an Order of Clarification. Essentially, the Court reiterated that discovery should be bifurcated; any discovery regarding the Counterclaims was stayed pending a resolution of the Motion to Dismiss while discovery pertaining to Plaintiff's causes of action, which remain viable, should proceed and "[t]he parties should not lose any more time as to this aspect of the discovery."

The record indicates that Plaintiff served Demands for Discovery on February 3, 2009.  Dkt. No. 19, Pl.'s Lt.-Mot., dated Apr. 17, 2009.  Since timely responses had not been received, Plaintiff attempted to consult with the Defendant, but to no avail. *Id*.  A telephonic Discovery Conference was held on May 27, 2009, on the record. Based upon that Discovery Conference, the Court issued an Order, directing Defendant to respond to Plaintiff's Demands by June 25, 2009, and further ruling that all objections were deemed waived.  Dkt. No. 22, Discovery Order, dated May 27, 2009.  Lastly, the Court ruled that if Defendant did not respond timely or completely, Plaintiff was permitted to file a motion to compel without seeking court permission. *Id*.

Apparently, responses to the Demand for Interrogatories were received by Plaintiff on June 25, 2009, but Plaintiff avers that the document production was woefully lacking. Dkt. No. 29-2, Robert E. Ganz, Esq., Aff., dated Oct. 5, 2009, at ¶ 6. Immediately thereafter, Plaintiff wrote Defendant a Letter stating that, notwithstanding the document production, "there are gaps and missing pages in the production which are critical to our understanding of the factual underpinnings of this dispute." Dkt. No. 29-2, at ¶ 7; Ex. 3, Pl.'s Lt., dated June 30, 2009. Plaintiff identifies eight documents that were not fully provided or, at least, require an explanation. *Id*. The June 30th Letter was followed by a series of phone calls and Letters, also to no avail. *Id*. at ¶¶ 7 & 8, Ex. 4. Moreover, Plaintiff served a notice for a deposition upon the Defendant in February 2009, but had not received a response thereto. Based upon its experience here, Plaintiff frames the Defendant's lack of cooperation and attitude toward discovery as cavalier, deserving of sanctions. *Id*. at ¶¶ 10-17.

The Defendant contests this Motion to Compel and/or Sanctions with a litany of collateral issues that obviously do not address why she has not fully complied with Plaintiff's Demand for Production. Dkt. No. 31. First, the Defendant in conclusory fashion states that she has responded to Plaintiff's Demands, but fails to mention how she has adequately responded to the eight outstanding documents or propose a date

for her deposition.[1]  *Id*. at ¶ 3.  The Defendant states that she is willing to cooperate regarding discovery, but "because of the plaintiff's actions, [she] has been put into a very difficult financial situation."  *Id*. at ¶ 5.  In her view, had Plaintiff lived up to its contractual obligations to purchase the property in question, she would not be suffering this financial stress, *id*. at ¶ 11, but it is inexplicable how her current financial predicament implicates compliance with discovery.  Then the Defendant regales us on how she has had to respond to the two Motions to Dismiss and how she is attempting to sell the real property at issue in this case.  *Id*. at ¶¶ 4 & 6-12.  Lastly, the Defendant importunes the Court not to schedule her deposition until she closes on this new contract.  *Id*. at ¶ 12.

Even accepting all of Benza's arguments as true, an explanation as to why she is unable to provide missing pages to documents she disclosed on June 25, 2009, is absent.  No matter what a party's financial plight may be, providing missing pages is a rather elementary and inexpensive task to complete.  Responding to telephone calls and letters to sort out disclosure difficulties is an equally simple chore.  Had the Defendant timely responded to Plaintiff's calls and letters to confer on this document deficiency, there would have been a slim likelihood this Motion would have been

---

[1] The Court and Plaintiff clearly understood that Mrs. Benza is ninety-four years of age and lives in Florida.  It is also understood that her health and her competency are failing.  However, representations were made that a knowledgeable representative or another family member would be available for a deposition on her behalf.

filed.   Furthermore, the pending sale of the property in question will have little, if any, effect upon participating in discovery.  Waiting until a decision is rendered on the pending Motion to Dismiss the Counterclaims will not have any serious impact upon discovery either.

All litigants have an obligation to comply with courts orders, including discovery orders.  *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted).  In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct.  *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 120-23 (S.D.N.Y. 2008) (citing throughout *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99 (2d Cir. 2002)); *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest. Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d at 107); *see also Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating that a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion).  As the Second Circuit noted in *Update Art, Inc. v. Modiin Publ'g, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply.  843 F.2d 67, 71 (2d Cir. 1988).  Sanctions are specific deterrents and are imposed for the purpose of obtaining compliance with the particular

order issued, and are intended as a general deterrent effect on the case at hand and the future, provided the party against whom sanctions are imposed was in some sense at fault.  *Id*. (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Assoc.*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent). Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vii).

In the event a party fails to adhere to a court order, Rule 37(b)(2)(C) pellucidly states that "the court **must** order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C) (emphasis added).  A similar provision imposing attorney fees for failure to disclose can be found in Rule 37(c)(1)(A).  Compounding matters for th Defendant, Rule 37(a)(5)(A) promulgates that "[i]f the motion is granted - **or if the disclosure or requested discovery is provided after the motion was filed** - the court **must** . . . require the party . . . whose conduct necessitated the motion . . . to

pay the movant's reasonable expenses, . . . including attorney's fees." FED. R. CIV. P. 37(a)(5)(A) (emphasis added).   In this respect, arguing that the Defendant's omissions led the Plaintiff to file this Motion, Plaintiff seeks attorney's fees and expenses in the amount of $ 1,500.00.

The Court finds that the Defendant did not fully comply with this Court's May 27th Order.  The Defendant's history of noncompliance harkens back to April 2009. To provide these missing pages timely is far from demanding and could have been easily corrected. We also find that the Defendant has not provided substantial justification for the piecemeal and haphazard manner in which she has responded to Plaintiff's Demand to Produce.  It was Defendant's discovery inertia that necessitated this Motion, and still the requested disclosure has not been made.

Although the Defendant has not proffered substantial justification for her lassiez-faire approach to discovery, the Court does find that the imposition of attorney's fees in the amount of $1,500.00 to be unjust. Because the scope of the outstanding production of documents involves a few documents, the Defendant's resources are severely drained, and the Defendant is elderly, a more appropriate sanction is warranted.  Because Plaintiff had to expend time and effort to present this issue to the Court, the Court finds that Defendant shall pay the sum of $500.00  as attorney's fees to Plaintiff's counsel.

*-8-*

## IV.  CONCLUSION

Accordingly, based upon the analysis above, it is hereby

**ORDERED**, that Plaintiff's Motion to Compel (Dkt. No. 29) is **granted in part**; and it is further

**ORDERED**, that Defendant shall provide the missing pages on or before **November 20, 2009**; and it is further

**ORDERED**, that the deposition of Plaintiff's representative shall occur immediately after a decision has been rendered in the Motion to Dismiss the Counterclaims; and it is further

**ORDERED**, that the attorney's fees of $500.00 shall be paid to Plaintiff's Counsel within sixty (60) days of the filing of this Order.

**IT IS SO ORDERED**.

November 6, 2009
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge