**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CATSKILL ASSOCIATES, L.L.C.,

                                  Plaintiff,

        - v -                                            Civ. No. 1:08-CV-598
                                                                  (LEK/RFT)

RITA K. BENZA, Individually and as
Executrix of the Estate of Augustine J. Benza,

                                  Defendant.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DECISION and ORDER

On April 22, 2010, the Plaintiff filed a Letter-Motion seeking a hearing to address a discovery dispute. Dkt. No. 34. The reason for the hearing concerns the scope of discovery now that the Defendant's Second Counterclaim for tortious interference with a prospective business relation has been dismissed. Pursuant to the Court's Order, the Defendant filed a Letter-Brief opposing Plaintiff's Letter-Motion. Dkt. No. 37. On May 7, 2010, a Discovery Hearing was held on the record, and the parties were given an opportunity to extrapolate on their respective positions. Upon the conclusion of the arguments, the Court reserved its decision in order to reflect further upon the issue.

The Court presumes the parties' familiarity with the facts of this litigation, but in order to state the issue clearly, certain salient facts warranted repetition.

The Plaintiff brought a breach of a contract cause of action against the

Defendant, which arises out of a real property sale agreement entered into on February 15, 2008. Dkt. No. 1. Succinctly, the Plaintiff alleges that the Defendant cannot provide marketable title to the subject property located at 1179 Vestal Avenue, Binghamton, New York because of an encroachment, and seeks the return of its deposit as well as other compensatory damages. *Id.* As to the Defendant's initial Answer with Counterclaims, Dkt. No. 8, a Memorandum-Decision and Order was issued dismissing the Defendant's ounterclaim for breach of contract with prejudice to the extent it seeks damages in excess of the deposit of $69,500, dismissing the Counterclaim for punitive damages, and dismissing the Counterclaim for tortious interference with a prospective contractual relationship without prejudice to the filing of an amended answer. Dkt. No. 21, Mem.-Dec. & Order, dated May 7, 2009.

Subsequently, the Defendant filed an Amended Answer interposing two counterclaims: the first counterclaim sounding, once again, in a breach of contract and the second being a tortious interference with a prospective business relation. Dkt. No. 23. The purported basis of that the second counterclaim is that the Plaintiff tortuously interfere with a prospective lease between Family Dollar and the Defendant when the Plaintiff and Defendant signed the real property agreement for the sale and purchase of 1179 Vestal Avenue. On June 11, 2009, the Plaintiff filed a Motion to Dismiss Defendant's Second Counterclaim. Dkt. No. 24. On March 16, 2010, the Honorable

Lawrence E. Kahn, Senior United States District Judge, issued a Memorandum-Decision and Order dismissing the Second Counterclaim. Dkt. No. 33.

Plaintiff asserts, which is confirmed, in part, by the Defendant, that, in terms of the surviving breach of contract Counterclaim, the Defendant intends to inquiry into the underlying facts of the already dismissed tortious interference with a prospective business relation claim. The Defendant argues that the Plaintiff only entered into the purchase contract after realizing that its current tenant, Family Dollar, was contemplating entering into a long term lease with the Defendant. While the lease was being negotiated, and at the last minute, the Plaintiff negotiated the real estate contract with the intent of preventing the execution of the lease. Defendant contends that when the lease negotiation failed, the Plaintiff breached the purchase contract. And, for this reason, the Defendant wants to examine the Plaintiff's motive for terminating the purchase agreement and to depose others who may have knowledge relevant to the failed lease negotiations. *See* Dkt. No. 37. Basically, the Defendant wants to explore, and then possibly argue to the jury, that this was a motivating, if not the primary, factor why the Plaintiff breached the real property agreement.

The Plaintiff asserts that this lawsuit is not about any subjective or ill-conceived motivation, but rather the litigation turns on the sole objective issue as to whether the Defendant can provide a marketable title, notwithstanding the encroachment. In its

view, pursuant to the terms of the contract, if the Defendant cannot provide a marketable title, she breached the contract. On the other hand, if the Defendant can provide a marketable title, Plaintiff loses on its Claims and the Defendant prevails on her breach of contract Counterclaim to extent that she can only recover the deposit of $69,500. And, discovery as to the failed Family Dollar lease is totally irrelevant.

After reading the parties' submissions, hearing their oral arguments, and reflecting further, the Court agrees with the Plaintiff that the facts related to the Family Dollar lease and corresponding motivations are irrelevant and collateral. Such an inquiry is a back-door approach to resurrecting the already dismissed Counterclaim. But, and more important, any discovery related to this matter would create an obfuscation within the litigation and unfairly engender needless discovery expenses. As Plaintiff argues, this litigation will turn on the issue of marketability, a principle term of the real estate property agreement. Consider the following: If the property is unmarketable, the Plaintiff prevails. If the property is marketable, the Defendant prevails to the extent she can recover only $69,500. The Plaintiff essentially stipulates that these are the only possible outcomes in this case. Moreover, it is not feasible that both parties can prevail on different theories and recover damages. That is, Plaintiff wins because the title is unmarketable and yet the Defendant wins by showing a breach of contract because the Plaintiff intended to

interfere with a prospective lease and upon achieving that goal, withdrew from the purchase contract. Such a result not only generates an inconsistent verdict, it is a legal anomaly. Furthermore, the Defendant cannot achieve any other damages even if she was to establish some questionable conduct on the part of the Plaintiff that she would not gain should the title be confirmed as marketable. The controlling point in this litigation are the terms of the real estate agreement. Therefore, the Court concludes that any inquiry regarding the Family Dollar matter is not relevant and the Defendant is precluded from conducting any discovery or deposition on this subject matter.

**IT IS SO ORDERED**.

May 7, 2010
Albany, New York

RANDOLPH F. TREECE
United States Magistrate Judge